# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3175

_____

United States of America

*Plaintiff - Appellee*

v.

Connie Guild

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 24, 2018
Filed: October 25, 2018
[Unpublished]

_____

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Connie Guild worked in the Benton County accounting department, where she managed the county's travel fund. Guild was responsible for paying out cash advances to county employees for travel expenses and receiving any excess funds when their travel was complete. Guild periodically submitted claims to the county treasurer to reimburse the travel fund. From 2007 to 2016, Guild submitted false

claims, causing the treasurer to issue checks for amounts exceeding that which was required to reimburse the travel fund. Guild cashed the checks and deposited the excess cash into her personal bank account. All told, she embezzled $1,033,762.20.

Guild pleaded guilty to one count of theft concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(A) and one count of subscribing to a false income tax return in violation of 26 U.S.C. § 7206(1). At sentencing, the district court[1] overruled Guild's objection to a letter written by Barbara Ludwig, Benton County human resources manager. The court imposed concurrent sentences of 34 months' imprisonment. Guild argues on appeal that the district court erred in considering the Ludwig letter.

A crime victim has "[t]he right to be reasonably heard at any public proceeding in the district court involving . . . sentencing." 18 U.S.C. § 3771(a)(4). The definition of "crime victim" includes "a person directly and proximately harmed as a result of the commission of a Federal offense." Id. § 3771(e)(2)(A). Guild concedes that Benton County is the victim of her theft offense, but she argues that Ludwig was not authorized to speak on the county's behalf. The district court's finding to the contrary, however, is well supported by the record—Ludwig used Benton County stationery, she explained her role within the county, she wrote that the embezzled funds could have been used to hire additional staff or to increase staff pay, and she signed the letter in her capacity as human resources manager. We thus find no error in the district court's decision to consider the letter "as being written in an official capacity and speaking on behalf of Benton County."

The sentence is affirmed.

_____

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.